* It was objected that no action lay upon the bill, [ * 558 ] until after a protest for non-payment; and that payment ought to have been demanded in London, upon the exchange, and if no person should appear to pay it, then the plaintiffs ought to have protested it for non-payment, as soon as the day of payment should have arrived, although the drawee had not accepted the bill, and had not designated any person in London for that purpose.
*486 To which it was answered, that an action lies on the bill on a protest for non-acceptance only; the drawer having engaged that his bill should be duly accepted, as well as paid ; that it had been dishonored by the refusal of the drawee to accept it, and the plaintiff’s right of action accrued immediately thereupon. It was admitted that an action would lie upon the bill on a protest for non-accept-once only for the purpose of obtaining security against the drawer; but that judgment could not be given unless a protest for nonpayment was first had and produced in Court.
But by the whole Court then present, viz., Dana, Paine, Bradbury, and Dawes, “ This action well lies against the defendants upon a protest for non-acceptance only. There is no distinction between the drawer and endorser in this respect. And if there was, the defendants are not entitled to the benefit of it, but ought to stand on the same ground as the drawer of the bill. It was made payable to them without consideration, and with the view only to give credit to the drawer ” (1).
See Buller’s N.P. 269.—Doug. 55.—Mittford vs. Mayor,Kyd, 140.

 [Lenox vs. Cook, 8 Mass. 460.—Ed.]